```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

United States of America,      :

      Plaintiff,           :

  v.                           :   Case No. 2:05-cr-0241(2)

Kevin L. Daniels,              :   JUDGE MARBLEY

      Defendant.           :

## DETENTION ORDER

The above defendant appeared before the Court for a detention hearing on January 27, 2006. Following the hearing, he was detained without bond pending further proceedings. The purpose of this order is to set forth in writing the reasons for that decision.

The defendant was indicted on November 17, 2005 on one count of violation of the Hobbs Act for having been involved in an armed robbery at a Kroger Store in Gahanna and on one count of aiding and betting the use or carrying a firearm during and in relation to a crime of violence. The indictment gives rise to a presumption of detention which is judged under the following legal standard.

<u>Legal Standard Applicable</u>. The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses. That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer

>     finds that there is probable cause to
>     believe that the person committed an
>     offense for which a maximum term of
>     imprisonment of ten years or more is
>     prescribed in the Controlled Substances
>     Act (2l U.S.C. 801 et seq)...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of

their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

The Pretrial Services Report provided additional information about the defendant.  He is 28 years old and has lived his entire life in Columbus.  His residence over the last year is somewhat uncertain.  The defendant stated that he had been living with his sister, but his sister said he had been living by himself.  He has had some short-term employment since his release from incarceration approximately five years ago.  He was incarcerated from 1993 through 2000 after having been convicted of theft and aggravated robbery with a firearms specification, a charge which was first lodged against him as a juvenile offense and then bound over to adult court.  Since his release from prison, he has been charged with domestic violence (and pled guilty to an amended charge of disorderly conduct) and has been convicted of assault and petty theft.  He does not appear to have a history of substance abuse.

Although the defendant's ties to the community are a

3

positive factor, the instability of both his residence and employment are not.  Further, the instant offense does involve a crime of violence and the defendant has a prior conviction for a similar offense.  The United States proffered that this is not the only armed robbery which the defendant is believed to have participated in, and agents had some difficulty locating him after the arrest warrant was issued in November, 2005, perhaps because of the instability of his residence.  These factors, coupled with the presumption created by the indictment, outweighed any positive factors and required the Court to hold the defendant without bond pending further proceedings.

    The defendant was advised of his right to seek review of this detention order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge