IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | Case No. 2:05-CR-241 (002) |
| v. : | |
| : | Chief Judge Algenon L. Marbley |
| KEVIN L. DANIELS, : | |
| : | |
| Defendant. : | |

## ORDER

This matter is before the Court on Defendant Kevin L. Daniels' Motion to Amend or Correct the Judgment. (ECF No. 75). On February 23, 2007, Defendant was sentenced to seventy-two (72) months of incarceration after pleading guilty to Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951, and Aiding and Abetting the Use or Carrying of a Firearm During and in Relation to a Crime of Violence, in violation to 18 U.S.C. §§ 924(c)(1) and 2[1]. (*Id.* at 1; ECF No. 50). Defendant alleges that this Court's Judgment in that case (the "2007 Judgment") contains an error. (*Id.*). Specifically, Defendant contends that Count 1 of the 2007 Judgment erred by stating that he was convicted for Aiding and Abetting a Hobbs Act Robbery although he pled guilty to conspiracy. (*Id.*). Defendant also requests additional relief pursuant to 28 U.S.C. § 2255(a), arguing that the correction of Count 1 in the 2007 Judgment should render invalid his conviction on Count 2. (*Id.*).

---

[1] Although Defendant's Motion represents that the offense for which he pled guilty under Count 2 was "Use of a Firearm in Commission of a Violent Offense," (ECF No. 75 at 2), both his plea agreement (ECF No. 50) and his sentencing memorandum (ECF No. 68) entitles the offense "Aiding and Abetting the Use or Carrying of a Firearm During and in Relation to a Crime of Violence." This Court therefore refers to the offense using the title used in the plea agreement in which Defendant acknowledged his guilt.

1

Defendant is presently in custody and awaiting sentencing on a separate matter, *United States of America v. Kevin Loren Daniels* ("*Daniels II*"), 2:21-cr-239. (*Id.* at 2). Due to the alleged error in the 2007 Judgment, Defendant argues that he is now subject to a sentencing enhancement in *Daniels II* that would be otherwise inapplicable. (*Id.*). For the following reasons, this Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion. Specifically, this Court **GRANTS** Defendant's request to correct Count 1 of the 2007 Judgment to reflect his conviction for conspiracy and **DENIES** his request for § 2255 relief concerning Count 2.

## I. BACKGROUND

On November 17, 2005, a grand jury returned an indictment charging Defendant with the following two counts: Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count 1); and Aiding and Abetting the Use or Carrying of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count 2). (ECF No. 1). On April 26, 2006, Defendant signed a plea agreement indicating his intention to plead guilty to both counts. (ECF No. 50). The plea agreement provided the following, in relevant part:

> Defendant Kevin L. Daniels will enter a plea of guilty to both counts of the Indictment herein which charges him, in Count One, with conspiracy to interfere with interstate commerce by means of robbery, in violation of 18 U.S.C. § 1951; and, in Count Two with aiding and abetting the use or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2.

(*Id.* ¶ 1).

On February 23, 2007, this Court sentenced Defendant to twelve (12) months of incarceration on Count 1 and sixty (60) months of incarceration on Count 2, with the sentences to run consecutively. (ECF No. 70). Following his release from incarceration, this Court ordered Defendant to serve a supervised release term of three (3) years on Count 1 and five (5) years on

Count 2. (*Id*.). This Court's 2007 Judgment stated that Defendant pled guilty to the following two counts: "Aiding and abetting the interference with interstate commerce by means of robbery," in violation of 18 U.S.C. §§ 1951 and 2 (Count 1); and "Aiding and abetting to use or carry a firearm during and in relation to an offense of violence," in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count 2). (ECF No. 71 at 1). Defendant was released from incarceration on April 29, 2011. (*Daniels II*, ECF No. 72 at 12). Defendant completed his term of supervised release on April 28, 2016. (*Id*.).

On November 29, 2021, Defendant was arrested pursuant to a criminal complaint filed against him that same day. (*Daniels II*, ECF Nos. 1, 2). This case, *Daniels II*, is before District Judge Michael H. Watson. On December 7, 2021, a grand jury returned an indictment charging Defendant with the following three counts: Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); Using, Carrying, or Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2); and Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3). (*Daniels II*, ECF No. 18 at 1–2). On March 21, 2023, a jury found Defendant guilty on all counts. (*Daniels II*, ECF No. 64). On June 15, 2023, Judge Watson set Defendant's sentencing hearing for October 31, 2023, at 10:30 a.m.

On June 28, 2023, Defendant filed the instant Motion in this case. (ECF No. 75). According to Defendant, he faces a sentencing enhancement in *Daniels II* because Count 1 of the 2007 Judgment erroneously states that he was convicted of Aiding and Abetting a Hobbs Act Robbery, a predicate offense allowing him to be then convicted under Count 2 for violating 18 U.S.C. § 924(c)(1). (*Id.* at 1–2). Defendant explains that 18 U.S.C. § 924(c)(1) mandates a 25-year minimum term of imprisonment for subsequent convictions under the section. (*Id.* at 2). Because

he was convicted of violating the same statute in *Daniels II*, Defendant explains, the 2007 Judgment in its present form makes Defendant eligible for a sentencing enhancement that should not apply. (*Id.* at 2–3). Defendant also argues that, once Count 1 of the 2007 Judgment is corrected, his conviction under Count 2 of the Judgment should be vacated under 28 U.S.C. § 2255. (*Id.* at 1). While Aiding and Abetting a Hobbs Act Robbery remains a crime of violence, Defendant explains, Conspiracy to Commit Hobbs Act Robbery is no longer deemed a crime of violence to which his Count 2 conviction under 18 U.S.C. § 924(c)(1), Carrying a Firearm During a Crime of Violence, could attach. (*Id.* at 2).

The Government does not object to Defendant's request to correct the 2007 Judgment to reflect that he was actually convicted, under Count 1, of Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951. (ECF No. 81 at 4). It does object, however, to Defendant's request to vacate Count 2 of the 2007 Judgment, pursuant to 28 U.S.C. § 2255. (*Id.*).

Defendant's Motion is ripe for this Court's consideration.

## II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 36 provides that, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Sixth Circuit has explained that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (citations omitted). Referencing the incorrect crime in a judgment "amounts to a clerical error, correctible by the trial court or on appeal." *United States v. Finley*, 600 F. App'x 964, 967 (6th Cir. 2015).

Section 2255 of Title 28, United States Code, provides that "[a] prisoner in custody under

4

sentence of a court established by Act of Congress claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. The Sixth Circuit has held that the "in custody" requirement "is jurisdictional: if a petitioner is not 'in custody' when she files her petition, courts may not consider it." *Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018) (citation omitted); *Amaya v. United States*, 71 F.4th 487, 489 (6th Cir. 2023). To obtain habeas relief following release from custody, "a petitioner must demonstrate he was in custody at the time he filed the petition and his release did not render the petition moot." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Additionally, motions filed under Section 2255 are subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") and its one-year statute of limitations. 28 U.S.C. § 2255(f). The limitation period shall run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
> Petitioner's conviction in this case became final in 1999, upon the expiration of the time period to file an appeal.

*Id*.

### III. LAW AND ANALYSIS

Defendant's Motion employs the following theory to avoid a potential sentencing enhancement in *Daniels II* for a second conviction under 18 U.S.C. § 924(c)(1). Defendant was convicted under Count 2 of the 2007 Judgment for a violation of 18 U.S.C. § 924(c)(1)(A)(ii),

5

which applied because Count 1 as presently written—Aiding and Abetting a Hobbs Act Robbery—is considered a crime of violence. (ECF No. 75 at 2). Since then, the Supreme Court has issued a decision holding that Conspiracy to Commit Hobbs Act Robbery is no longer a crime of violence. (*Id.*) (citing United *States v. Taylor*, 142 S.Ct. 2015, 2025–26 (2022)). The offense of Aiding and Abetting a Hobbs Act Robbery, however, remains a crime of violence. (*Id.*). If Count 1 of the 2007 Judgment is amended to reflect a conviction for conspiracy, then Count 2 of the 2007 Judgment (providing Defendant his first § 924(c)(1) conviction) is invalid. (*Id.*). If Count 2 of the 2007 Judgment is vacated, the argument goes, then Defendant cannot receive a sentencing enhancement in *Daniels II* based on having been convicted of violating § 924(c)(1) twice. (*Id*. at 2–3).

Defendant employs Rule 36 to attack his conviction under Count 1 of the 2007 Judgment and 28 U.S.C. § 2255 to attack his conviction under Count 2. While Defendant's motion to correct Count 1 is well taken, his habeas motion to vacate his Count 2 conviction is not. This Court analyzes each request in turn.

### A. Motion to Correct the 2007 Judgment

This Court first considers Defendant's request to correct the 2007 Judgment so that Count 1 reflects a conviction for Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951. Defendant argues that Count 1 of the 2007 Judgment erroneously reflects his conviction for a crime for which he was never actually indicted and concerning which he never pled guilty. Defendant contends that this Court is empowered by Rule 36 to correct the error. The Government agrees that the 2007 Judgment contains a clerical error that can be remedied using Rule 36. The Government notes that the plea agreement and relevant minute entry state that Defendant pled guilty to the conspiracy charge, rather than the aiding and abetting charge listed in the 2007 Judgment. (ECF No. 81 at 4) (citing ECF Nos. 50, 53).

A court may not utilize Rule 36 to ". . . effectuate its unexpressed intentions at the time of sentencing." *United States v. Carr*, 421 F.3d 425, 432 (6th Cir. 2005) (quoting *Robinson*, 368 F.3d at 656–57). It is instead intended to "correct a clerical error in a judgment . . . or correct an error in the record arising from oversight or omission." *Id*. (citation omitted).

The record supports this Court's finding that the 2007 Judgment was issued in error, contrary to this Court's intent to adjudicate Defendant guilty of only the offenses to which he pled guilty. Specifically, the Judgment contains the clerical error of indicating that Defendant pled guilty to "Aiding and abetting the interference with interstate commerce by means of robbery," in violation of 18 U.S.C. §§ 1951 and 2 (Count 1). (ECF No. 71 at 1). The plea agreement indicates that Defendant intended to plead guilty to "[C]onspiracy to [I]nterfere with [I]nterstate [C]ommerce by [M]eans of [R]obbery, in violation of 18 U.S.C. § 1951." (ECF No. 50 ¶ 1). Given that the 2007 Judgment contains a clerical error, this Court hereby invokes Rule 36 to correct Count 1 to reflect that Defendant was convicted of Conspiracy to Interfere with Interstate Commerce by Means of Robbery, in violation of 18 U.S.C. § 1951.

## B. § 2255 Request to Vacate Count 2 of the 2007 Judgment

This Court next considers Defendant's request to vacate his conviction under Count 2 of the 2007 Judgment—Aiding and Abetting to Use or Carry a Firearm During and in Relation to an Offense of Violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2—pursuant to 28 U.S.C. § 2255.

Defendant argues that Count 2 of his conviction is invalid because the corrected Count 1 conviction—Conspiracy to Commit Hobbs Act Robbery—is no longer deemed a crime of violence to which his Count 2 conviction can attach. Defendant reasons that the Supreme Court in *Taylor* held that "inchoate Hobbs Act robberies" are not crimes of violence which trigger sentencing under 18 U.S.C. § 924(c). Although Defendant acknowledges that new constitutional rules of criminal

7

procedure do not generally apply retroactively to cases finalized beforehand, he asks this Court to adopt the Second Circuit's approach of applying *Taylor* retroactively. (ECF No. 75 at 5) (citing *Hall v. United States*, 58 F.4th 55, 60–61 (2d Cir. 2023)).

Defendant also argues that, although he completed the sentence imposed by the 2007 Judgment, he remains eligible for habeas relief because the Government will rely upon the 2007 Judgment to seek a sentencing enhancement in *Daniels II*. Although recognizing that § 2255 imposes a one-year statute of limitations to motions for relief from a final judgment of conviction, Defendant argues that the 2007 Judgment is not final until this Court corrects its clerical error.

The Government responds that Defendant's habeas request should be dismissed for lack of jurisdiction because he is no longer in custody for his 2007 conviction. According to the Government, Defendant's 2007 conviction was fully expired by the time he filed his Motion, even if the 2007 conviction can be used to enhance his sentence in *Daniels II*. (ECF No. 81 at 5) (citing *Maleng v. Cook*, 490 U.S. 488, 491–92 (1989)). The Government also argues that, even if Defendant were in custody, his § 2255 challenge is untimely. The Government last contends that this Court's correction of clerical errors in the 2007 Judgment does not restart the one-year statute of limitations applicable to § 2255 motions.

A petitioner must be in custody at the time that he files his motion for habeas relief. *Spencer*, 523 U.S. at 7. Because this is a jurisdictional requirement, a court may not consider a petitioner's habeas petition if he or she is not in custody at the time of filing. *Hautzenroeder*, 887 F.3d at 740. A petitioner is "in custody" for habeas purposes when he is "in actual, physical custody in prison or jail or when he is subject to significant post-release restraints on [his] liberty that are not shared by the public generally." *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) (internal quotation marks omitted). Those who are subject to post-release control measures such as

8

supervised release are considered "in custody" for habeas purposes. *Id*. However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

This Court may not consider Defendant's request for habeas relief because he was not in custody on June 28, 2023—the date upon which he filed this Motion. Upon the expiration of his term of supervised release on April 28, 2016, Defendant thereby completed his sentence for his 2007 conviction. (*Daniels II*, ECF No. 72 at 12). Defendant himself acknowledges that he has completed the "direct sentence" imposed by this Court. (ECF No. 75 at 6).

Defendant nonetheless argues that he should be considered "in custody" on his 2007 conviction because he is "presently in custody, in part, on a charge that relies on its implications." (*Id*.). Defendant's argument is directly foreclosed by the Supreme Court's holding that a habeas petitioner cannot be considered "in custody" under a conviction after the sentence imposed for it has completely expired, even if "the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialize[s] . . . " *Maleng*, 490 U.S. at 492. After all, "[w]hen the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'" *Id*. at 492–93.

Defendant has completed his sentence for his 2007 conviction. He does not otherwise argue or demonstrate that he is under "significant post-release restraints on [his] liberty that are not shared by the public generally," *In re Stansell*, 828 F.3d at 416, for the *2007* conviction. Instead, he is presently in custody while awaiting sentencing due to his subsequent conviction in *Daniels II*. Consequently, this Court lacks jurisdiction to consider Defendant's request for § 2255 relief. *Spencer*, 523 U.S. at 7.

### IV. CONCLUSION

For the foregoing reasons, this Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion. (ECF No. 75). Although this Court **GRANTS** Defendant's request to correct Count 1 of the 2007 Judgment to reflect his conviction for conspiracy, it **DENIES** his request for § 2255 relief concerning Count 2.

The Clerk is hereby **ORDERED** to amend the 2007 Judgment (ECF No. 71) to reflect that Defendant was convicted under Count 1 for Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED:** September 5, 2023